UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN ROBERT STERLING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-0254** |
| **WARDEN DENISE NARCISSE, ET AL.** | **SECTION "G"(4)** |

## PAUPER ORDER

On May 1, 2024, the Clerk of Court received a pauper application purportedly signed by plaintiff Kevin Robert Sterling on April 11, 2024, with an alleged certification of Sterling's inmate account balances at the Plaquemines Parish Detention Center ("PPDC") dated April 26, 2024. ECF No. 8. The document was broadly construed and docketed as a motion to reconsider pauper status, because the Court already denied Sterling's pauper application on March 20, 2024. ECF No. 6. The Court has received no other communication from Sterling since that time.

In fact, it is not clear that this document was sent by Sterling. The envelope bears a type-printed return address from the PPDC, not Sterling. *Id.* at 3. The envelope held no cover letter or explanation from Sterling. In addition, the record reflects that Sterling has been housed in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana since before March 18, 2024. ECF No. 5. It is inconceivable that Sterling would have had funds on deposit at PPDC to be certified by that facility on April 26, 2024. Sterling certainly was not present at PPDC on April 11, 2024 to have signed the application received by the Court on May 1, 2024, from the PPDC address.

Furthermore, under the plain language of 28 U.S.C. § 1915(a)(2), the Court is required to assess a prisoner's eligibility for pauper status at the time of the filing of the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884–85 (5th Cir. 1998) (a prisoner's eligibility for pauper status under the PLRA is determined at the time of filing). Sterling failed initially to file a pauper application when he submitted his complaint in January of 2024. *See* ECF No. 2 (Notice of Deficiency dated

January 30, 2024). He failed to respond to the Clerk of Court's notice of that deficiency prompting the Court to issue a Show Cause Order on March 4, 2024. ECF No. 3. In response to that Order, Sterling submitted a hodge podge of irrelevant documents that failed to comply with the Court's Order and which prompted the denial of his pauper application on March 20, 2024. ECF Nos. 4, 6. Now, more than three months after his complaint was received, the Court has before it this curious document from a facility Sterling left in March of 2024. More than three months (one-half of the six-month certification period required by § 1915) have passed since his complaint was submitted for filing, the time governing the assessment of pauper status. The Court at this point is unable to determine whether Sterling was eligible to proceed as a pauper in January of 2024 or determine the required initial partial filing fee based on the preceding six-month certifications of his PPDC inmate account as required by § 1915.

In sum, the Court has no clear indication from Sterling that he intends to pursue this case. The Court has no information on which to conclude that Sterling submitted the pauper application bearing his name dated three weeks after he left PPDC and mailed from PPDC almost six weeks after he left. Because of the passage of time, the information on the May 1, 2024, pauper application is not sufficient to assess (or reconsider) Sterling's eligibility to proceed as a pauper at the time of the filing of his complaint in January of 2024. Accordingly,

**IT IS ORDERED** that the document construed as plaintiff Kevin Robert Sterling's Motion to Reconsider Pauper Status is **DENIED**.

New Orleans, Louisiana, this  3rd  day of May, 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**